962 So.2d 921 (2007)
MIAMI-DADE COUNTY and Ian Yorty, etc., et al., Appellant,
v.
BLUE MOUNTAIN INVESTMENT, INC., Appellee.
Nos. 3D06-817, 3D06-984.
District Court of Appeal of Florida, Third District.
May 9, 2007.
Rehearing Denied July 18, 2007.
Murray A. Greenberg, Miami-Dade County Attorney, and Craig E. Leen and Scott D. Fabricius, Assistant County Attorneys; Jorge L. Fernandez, City of Miami Attorney, and Deanna D. Gross Rasco, Assistant City Attorney, for appellant.
*922 Donald S. Rose, for appellee.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
SHEPHERD, J.
The City of Miami appeals a trial court order granting Final Summary Judgment invalidating a tax deed held by it and quieting title in Blue Mountain Investment, Inc. We reverse.

FACTS
On June 1, 1991, Miami-Dade County issued a tax sale certificate for non-payment of ad valorem taxes on property owned by Arthur Coleman. Two years later, the County applied for a tax deed pursuant to section 197.502(3) of the Florida Statutes. The application was recorded in the public records, and Coleman as title holder was given notice of the County's action. See §§ 197.502(4), 197.522(1)(a), Fla. Stat. (1993). When no bidders appeared on the scheduled sale date for the certificate, the land was placed on the "list of land available for taxes" as required by section 197.502(7) of the Florida Statutes (1993). No notice was provided to either Coleman or Blue Mountain of this fact. Thereafter Blue Mountain acquired title to the property from Coleman by quitclaim deed for the sum of $5,000 and recorded the deed. Blue Mountain acknowledges that it knew the ad valorem taxes on the property were delinquent when it received its quitclaim, and further that it took no steps to inquire into or pay the taxes.
Nine months later, after negotiations between Blue Mountain and the City of Miami for the purchase by the City of Miami of Blue Mountain's interest in the property failed, the City of Miami went directly to Miami-Dade County and obtained a tax deed from the County in return for the payment of taxes as permitted by section 197.502(7). This deed likewise was recorded. The City then filed an action seeking to quiet title. Blue Mountain counter-claimed with its own quiet title action, urging that procedural due process was violated because the County never gave notice of its intent to deal with the City. On cross-motions for summary judgment, the trial court agreed with Blue Mountain and quieted title in Blue Mountain. The City appealed.

Discussion
Section 197.502(7) of the Florida Statutes expressly eschews any obligation of the County to provide notice to a title holder of a proposed or pending sale of property after it has been placed on a list of lands available for purchase for taxes. The statute reads as follows:
On county-held certificates for which there are no bidders at the public sale, the clerk shall enter the land on a list entitled "lands available for taxes" and shall immediately notify the county commission and all other persons holding certificates against the land that the land is available. During the first 90 days after the land is placed on the list of lands available for taxes, the county may purchase the land for the opening bid. Thereafter, any person, the county, or any other governmental unit may purchase the land from the clerk, without further notice or advertising, for the opening bid,. . . . If the county does not elect to purchase the land, the county must notify each legal titleholder of property contiguous to the land available for taxes, as provided in paragraph (4)(h), before expiration of the 90-day period. Interest on the opening bid continues to accrue through the month of sale as prescribed by s. 197.542.
§ 197.502(7), Fla. Stat. Blue Mountain nevertheless counters that it was entitled to notice because a title search would not have revealed that the property was on the *923 statutory list of lands. Even if true, the fact remains that the County provided all necessary statutory notices to Blue Mountain's predecessor in title, Coleman. After notice of the tax certificate sale, Coleman was not entitled by statute to any further notices. As the recipient of title from Coleman, Blue Mountain stands in his shoes and receives no greater right by virtue of receipt of the conveyance. See, e.g., U.S. v. 16.33 Acres of Land, 342 So.2d 476, 480 (Fla.1977)(holding that where a landowner conveys his interest in real property, "[i]t follows that [the successor in interest] has no interest of any kind in the parcel"). Blue Mountain received all the process due it under the law.
Reversed.